IN THE UNTIED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND
(BALTIMORE DIVISION)

| | | |
|---|---|---|
| **PAUL NMN CHIANG and** | ) | |
| **MONICA MICHELLE CHIANG** | ) | |
| **38 Cedarland Drive Apt. 515** | ) | |
| **Markham, Ontario, L6G0G7** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| v. | ) | Case No. _____ |
| | ) | |
| **DNA CARRIERS, INC.** | ) | |
| **Serve: Nodirbek M. Fayzullaev** | ) | |
| **1001 N. Mill St. Unit 207** | ) | |
| **Naperville, IL 60563** | ) | |
| | ) | |
| **and** | ) | |
| | ) | |
| **AZIZ MURDOVICH FAYZULLAEV** | ) | |
| **520 Simonton St. Apt. 3** | ) | |
| **Key West, FL 33040** | ) | |
| | ) | |
| **and** | ) | |
| | ) | |
| **PROGRESSIVE CARRIERS, CO.** | ) | |
| **Serve: Nilufar Shukurova** | ) | |
| **2453 Waterside Dr.** | ) | |
| **Aurora, IL 60502** | ) | |
| | | |
| **Defendants.** | | |

**AMENDED COMPLAINT**

Plaintiffs, Paul and Monica Chiang, by and through undersigned counsel, bring this amended complaint for negligence, *respondeat superior*, and negligent hiring, supervision, and retention against defendants DNA Carriers, Inc., Aziz Fayzullaev, and Progressive Carriers, Co. and, in support thereof, state as follows:

## INTRODUCTION

1. On June 30, 2018, Paul and Monica Chiang were travelling by car from Canada (where they are citizens) to Florida. They were obeying all speed limits and paying due attention to the road.

2. Defendant Aziz Fayzullaev was driving a semi-tractor trailer owned and operated by defendant DNA Carriers, Inc. and Progressive Carriers, Co. ("trucking defendants"). Trucking defendants' truck had been travelling in the lane alongside the plaintiffs. Without paying attention to the road, Mr. Fayzulleav swerved into plaintiffs' lane, forcing them off the road and down an embankment. Plaintiffs' vehicle violently collided with a tree.

3. Both plaintiffs suffered serious injuries. Mr. Chiang suffered, among other things, a broken right femur and broken left forearm. He underwent extensive surgical repair and his recovery is ongoing. Mrs. Chiang suffered, among other things, four broken ribs and a cracked sternum. She also has suffered tremendously and continue to recover.

## JURISDICTION AND VENUE

4. This Court has jurisdiction pursuant to 28 U.S.C. § 1332 because the matter in controversy exceeds $75,000 and diversity of citizenship exists amongst the parties. Plaintiffs Paul and Monica Chiang are citizens of Ontario, Canada; defendant DNA Carriers, Inc. is a citizen of the state of Illinois by virtue of its incorporation there; defendant Progressive Carriers, Co. is a citizen of the state of Illinois by virtue of its incorporation there; and defendant Aziz Fayzullaev is a citizen of the state of Florida.

5. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to the claim occurred in this district.

## THE PARTIES

6. Plaintiffs Paul and Monica Chiang are citizens of Canada and reside at 38 Cedarland Drive, Apt. 515, Markham, Ontario, L6GOG7.

7. Defendant DNA Carriers, Inc. is a transport company which owns and operates the truck which caused plaintiffs' injuries and employs Mr. Fayzullaev, who was working within the scope of his employment when the events giving rise to this action occurred. DNA Carriers, Inc. is incorporated in the state of Illinois with its principal place of business at 8 Huntington Circle Unit #6, Naperville, IL 60540, and regularly conducts business in Maryland.

8. Defendant Aziz Fayzullaev was the driver of the truck that caused plaintiffs' injuries and, at all times relevant to this complaint, was employed by, and was acting in the scope of his employment for the trucking defendants. He lives at 520 Simonton St. Apt. 3, Key West, FL 33040.

9. Defendant Progressive Carriers, Co. is a transport company which operates the truck which caused plaintiffs' injuries and employs Mr. Fayzullaev, who was working within the scope of his employment when the events giving rise to this action occurred. Progressive Carriers, Co. is incorporated in the state of Illinois with its principal place of business at 2453 Waterside Dr., Aurora, IL 60502, and regularly conducts business in Maryland.

## FACTS

10. On June 30, 2018, plaintiffs were driving to Florida from their home in Ontario, Canada. It was a clear and dry day. Mrs. Chiang was paying due attention to the road and following the speed limit.

11.     At approximately 5:15pm, while travelling on Eisenhower Memorial Parkway nearing Clearspring Road, a truck, operated by trucking defendants and driven by Mr. Fayzullaev, recklessly and negligently changed lanes into the lane in which plaintiffs were travelling.

12.     When veering into plaintiffs' lane, the truck struck plaintiffs' vehicle.

13.     In response, plaintiffs swerved to avoid colliding with the truck, whereby their vehicle exited the right shoulder and violently collided with a tree.

14.     In the Maryland State Police's State of Maryland Motor Vehicle Crash Report, investigating officer, MT S. Bussard noted that Mr. Fayzullaev stated he did not see plaintiffs' vehicle when he attempted to change lanes. The Report attributed the cause of the accident to Mr. Fayzullaev's: "Failure To Drive Within A Single Lane; Failure To Yield Right Of Way" and "Improper Lane Change."

15.     The Report's description of the truck and its driver also noted: "Driver Distracted By: Looked But Did Not See."

16.     As a result of Mr. Fayzullaev's negligence, plaintiffs sustained serious injuries. By way of example, Mr. Chiang sustained a broken right femur and a broken left forearm.  Mrs. Chiang's injuries include, but are not limited to, several broken ribs and a cracked sternum.

## COUNT I
### (Negligence)

17.     Plaintiffs reallege all prior allegations as if fully set forth herein.

18.     Mr. Fayzullaev had a duty to plaintiffs to drive and operate the truck in a safe and reasonable manner.

19.     Mr. Fayzullaev, while acting as agent for trucking defendants and within the scope of his employment, breached this duty in one or more of the following ways, including:

      a) failing to exercise ordinary and reasonable care in the operation of the truck;

      b) failure to make a proper lane change;

      c) failing to drive within a single lane;

      d) failing to maintain a proper lookout while driving the truck; and

      e) failing to yield to the right of way.

20. As a direct and proximate result of the defendants' breach, plaintiffs have suffered severe injuries as previously described herein.

## COUNT II
### (*Respondeat Superior*)

21. Plaintiffs reallege all previous allegations as if fully set forth herein.

22. At the time of the incident which gave rise to this action, Mr. Fayzullaev was employed by or was the agent of trucking defendants and acting in the scope of his employment.

23. Mr. Fayzullaev, through his negligent behavior, caused severe injury to plaintiffs.

24. This negligent behavior was committed within the scope of Mr. Fayzullaev's employment with trucking defendants.

25. Accordingly, trucking defendants are vicariously liable for the injuries plaintiffs suffered as a result of their employee's negligence.

## COUNT III
### (Negligent Hiring, Supervision and Retention)

26. Plaintiffs reallege all prior allegations as if fully set forth herein.

27. Trucking defendants had a duty to exercise reasonable care in hiring, supervising and retaining employees who exercise good judgment and prudence while operating its vehicles, and do not create an unreasonable risk of harm.  Trucking defendants knew or should have known that Mr. Fayzullaev would be likely to act unsafely and in a negligent manner while driving its truck.

28. Trucking defendants failed to use reasonable care in selecting, supervising and retaining Mr. Fayzullaev. Additionally, trucking defendants failed to properly train Mr. Fayzullaev and to ensure that he was suitable to safely operate this large commercial vehicle.

29. As a result of defendants' breach, plaintiffs suffered severe injuries, as previously set forth herein.

WHEREFORE, plaintiffs pray for relief in excess of $75,000 to compensate them for their actual damages, including, but not limited to, property damage, bodily injury, physical pain, mental and emotional anguish, past and future medical expenses, lost wages, and such other costs and relief as the Court may deem just and proper

Respectfully submitted,

*/s/ Ari S. Casper*_____
Ari S. Casper (Bar # 14512)
The Casper Firm
400 E. Pratt Street, Suite 903
Baltimore, MD 21202
Phone: 410-989-5097
Attorney for Plaintiffs

## JURY PRAYER

The plaintiffs demand a trial by jury on all issues.

*/s/ Ari S. Casper*_____
Ari S. Casper